IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT AYERS DASILVA, JR., <br><br>Petitioner, <br><br>vs. <br><br>STATE OF MONTANA, <br><br>Respondent. | Cause No. CV 20-103-GF-BMM <br><br><br>ORDER |

This case comes before the Court on documents filed by state pro se prisoner Robert Ayers DaSilva, seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] (Doc. 1.) Mr. DaSilva was directed to file an Amended Petition on the Court's standard § 2241 habeas form. (Doc. 3.) Although he was advised that failure to update his address with the Court may result in dismissal of his petition, *see, e.g.*, (Doc. 2 at 2; Doc. 3 at 3), mail sent to Mr. DaSilva was returned as "undeliverable." (Doc. 4.) Mr. DaSilva has failed to respond to this Court's order.

### I.   Failure to Prosecute

The Federal Rules of Civil Procedure apply in a habeas action to the extent they are not inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts or other applicable law.  *See* Rule 11, Section 2254

---

[1] Because Mr. DaSilva is a pretrial detainee, he is proceeding under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254.

1

Rules; *Mayle v. Felix*, 545 U.S. 644, 654 (2005). Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. *See, e.g.*, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Mr. DaSilva has failed to file his amended petition within the requisite timeframe. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002). The Court cannot manage its docket if Mr. DaSilva refuses to comply with the Court's orders. Mr. DaSilva's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondent. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Mr. DaSilva was provided with the Court's standard form to complete and was afforded an adequate amount of time in which

3

to do so. Mr. DaSilva failed to respond to the Court's order. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. The Court will therefore dismiss this matter for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Section 2254 Rules. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

The claims Mr. DaSilva attempts to advance do not appear to make a substantial showing that he was deprived of a constitutional right. Moreover, no reasonable jurist would suggest the Court go forward with the case without Mr. DaSilva's participation. A certificate of appealability is denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court orders the following:

## ORDER

1. Mr. DaSilva's Petition (Doc. 1) is **DISMISSED** under Fed. R. Civ. P. 41(b) for failure to prosecute.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this 5th day of February, 2021.

_____
Brian Morris, Chief District Judge
United States District Court